# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff-Appellee,<br><br>v.<br><br>NIDIA O DEL-CID,<br><br>      Defendant-Appellant. | Case No.: 19-cr-03329-BLM-H-1<br>Magistrate Judge Case No.:<br>19-mj-22144-BLM<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION AND JUDGMENT** |

  On November 19, 2019, Defendant Nidia O Del-Cid filed a notice of appeal to the district court. (Doc. No. 50.) The appeal is timely, and the Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402.

## Background

  On May 21, 2019, Defendant was arrested approximately four miles north of the United States/Mexico border and three miles east of the Otay Mesa, California Port of Entry. (Doc. No. 1 at 2.) Defendant stated that she is a citizen of Mexico without immigration documents that would allow her to enter or remain in the United States legally. (Id.) Defendant later stated that she illegally entered the United States on May 21, 2019. (Id.)

1

On May 23, 2019, the Government filed a criminal complaint against Defendant for violation of 8 U.S.C. § 1325.  (Doc. No. 1.)  On August 29, 2019, the Government filed a misdemeanor information against Defendant.  (Doc. No. 26.)  On October 22, 2019, the Government filed a superseding information, charging Defendant with being "an alien, [who] knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the United States at a time and place other than as designated by immigration officers, and committed an overt act, to wit, crossing the border from Mexico into the United States, that was a substantial step towards committing the offense, all in violation of Title 8, United States Code, Section 1325, a misdemeanor."  (Doc. No. 38.)

Defendant filed a motion to dismiss the charging document on the grounds that Congress violated the non-delegation doctrine when it enacted 8 U.S.C. § 1325(a)(1).  (Doc. No. 35 at 1-2.)  The Magistrate Judge rejected this argument and denied the motion to dismiss.  (Doc. No. 55 at 3-4.)

On November 13, 2019, the Magistrate Judge held a bench trial and found Defendant guilty of the single count for violation of § 1325(a)(1).  (Doc. No. 42; Doc. No. 53 at 70-71.)  The Magistrate Judge then sentenced Defendant to time served.  (Doc. No. 53 at 73; Doc. No. 47 at 2.)

The Magistrate Judge entered a final judgment on November 13, 2019.  (Doc. No. 47.)  On November 19, 2019, Defendant filed a timely notice of appeal.  (Doc. No. 50.)  See Fed. R. Crim. P. 58(g)(2)(B) (setting forth a 14-day deadline for filing an appeal from a magistrate judge's judgment of conviction).

## Discussion

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."  18 U.S.C. § 3402.  Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry."  Fed. R. Crim. P.

58(g)(2)(B).

On appeal, Defendant challenges her conviction for violation of 8 U.S.C. § 1325(a)(1) on the grounds that § 1325(a)(1) is unconstitutional because it violates the non-delegation doctrine. (Doc. No. 56 at 2-15.) The Ninth Circuit has rejected this argument. In <u>United States v. Melgar-Diaz</u>, the Ninth Circuit held: "Consistent with Supreme Court precedent, § 1325(a)(1) does not violate the non-delegation doctrine." 2 F.4th 1263, 1269 (9th Cir. 2021). As such, the Court rejects Defendant's argument that § 1325(a)(1) violated the non-delegation doctrine, and the Court affirms Defendant's conviction and judgment.

## Conclusion

For the reasons above, the Court denies Defendant's appeal and affirms Defendant's conviction and judgment.

**IT IS SO ORDERED.**

DATED: November 1, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT